**David Ray HEARNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–00173–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 13, 2002.

Rehearing Overruled Aug. 16, 2002.

Clinton F. Greenwood, Greenwood & Benken, P.C., Houston, for Appellant.

Dan McCrory, Assistant District Attorney, Houston, for Appellee.

Panel consists of Justices MIRABAL, HEDGES, and JENNINGS.

## OPINION

TERRY JENNINGS, Justice.

After a bench trial, the trial court found appellant, David Ray Hearne, guilty of the misdemeanor offense of driving while intoxicated (DWI) and assessed punishment at 180 days confinement, suspended for two years of community supervision, with a $500 fine. Appellant disputes the legal and factual sufficiency of the evidence supporting his conviction. We affirm.

### Background

Houston Police Officer Gary Young testified that, while on patrol at 2:20 a.m. on September 10, 2000, he saw appellant's white truck parked in a moving lane of traffic on the south Loop 610 east-bound

service road in Houston. Young approached the truck and saw appellant alone and sleeping with his head, resting on one hand, leaning against the driver's side window. Appellant's other hand was near his waist.

Officer Young noted the engine of appellant's truck was running and the gearshift was in "Park." Appellant was not touching the brake or accelerator pedals. After 45 seconds to one minute, Young was able to awaken appellant. Young could not tell how long the truck had been parked, and he did not see appellant "exert any action, movement or anything to attempt to control" the truck. Young checked the license plate number and determined that the truck was registered to appellant.

Although appellant did not testify, he stipulated to the following:

> My name is David R. Hearne. I am the named defendant in this cause. The events of this case occurred on September 10, 2000. The events of this case occurred in a public place in Harris County, Texas. The events of this case occurred while I was legally intoxicated, namely I did not have the normal use of my mental or physical faculties by the reason of introduction of alcohol into my body.

### Sufficiency of the Evidence

■ In his first issue, appellant challenges the legal sufficiency of the evidence supporting his conviction for DWI. Specifically, appellant claims the State failed to prove an essential element of the offense of DWI—that he was "operating" his truck.

■ We review legal sufficiency by viewing the evidence in the light most favorable to the verdict to determine if any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000); *Howley v. State*, 943 S.W.2d 152, 155 (Tex. App.-Houston [1st Dist.] 1997, no pet.). To establish the offense of driving while intoxicated, the State must prove the defendant was intoxicated while operating a motor vehicle in a public place. TEX. PEN. CODE ANN. § 49.04(a) (Vernon Supp.2002); *Stoutner v. State*, 36 S.W.3d 716, 721 (Tex. App.-Houston [1st Dist.] 2001, pet. ref'd).

There is no statutory definition of the term "operate." *Barton v. State*, 882 S.W.2d 456, 458–59 (Tex.App.-Dallas 1994, no pet.). However, the Court of Criminal Appeals has held that, to find operation of a motor vehicle, "the totality of the circumstances must demonstrate that the defendant took action to affect the functioning of his vehicle that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 390 (Tex.Crim.App.1995). In reaching its holding, the court repeated the reasoning enunciated in *Barton:*

> We do not accept the contention that to operate a vehicle within the meaning of the statute, the driver's personal effort must cause the automobile to either move or not move. Purposely causing or restraining actual movement is not the only definition of 'operating' a motor vehicle. In other words, *we examine the totality of the circumstances* to determine if [the defendant] exerted personal effort upon his vehicle for its intended purpose.

*Id.* at 389 (emphasis added) (quoting *Barton*, 882 S.W.2d at 459); *see also Milam v. State*, 976 S.W.2d 788, 789 (Tex.App.-Houston [1st Dist.] 1998, no pet.).

In *Barton*, the court noted the Court of Criminal Appeals' previous rejection of the pre-*Geesa* "reasonable hypothesis" analysis, which required that circumstantial evidence exclude all reasonable hypotheses raised by the evidence except the defen-

dant's guilt. 882 S.W.2d at 458; *see also Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Crim.App.1991), *overruled in part on other grounds, Paulson v. State*, 28 S.W.3d 570, 571 (Tex.Crim.App.2000). Now, courts examine both direct and circumstantial evidence in the same manner and do not disregard reasonable inferences that can be drawn from circumstantial evidence. *Barton*, 882 S.W.2d at 459. Thus, we evaluate each circumstantial evidence case on its own facts and look to the totality of the circumstances surrounding the entire incident. *Id.*

Based on the facts of this case, that the truck was in a moving lane of traffic, the engine was running, appellant was in the driver's seat, the truck was registered to appellant, and no other person was nearby, the fact finder could reasonably infer that appellant was "operating" his truck. *See Milam*, 976 S.W.2d at 789. Although there was no direct evidence of when appellant became intoxicated, appellant stipulated that the "events in this case occurred while I was legally intoxicated." Thus, we hold the evidence detailed above, when viewed in the light most favorable to the verdict, is legally sufficient to sustain appellant's conviction. *Id.*

We overrule appellant's first issue.

■■■ In his second issue, appellant challenges the factual sufficiency of the evidence to support his conviction. Under the factual sufficiency standard, we ask "whether a neutral review of all of the evidence both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *King v. State*, 29 S.W.3d 556, 563 (Tex. Crim.App.2000). We will reverse the fact finder's determination only if a manifest injustice has occurred. *Id.* In conducting

this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must also avoid substituting our judgment for that of the fact finder. *Id.*

In support of his factual sufficiency argument, appellant compares his case to *Ballard v. State*, 757 S.W.2d 389, 390 (Tex. App.-Houston [1st Dist.] 1988, pet. ref'd). In *Ballard*, this Court held that the evidence was legally insufficient to support a defendant's conviction for driving while intoxicated where the defendant was found seated unconscious in the driver's seat of a motor vehicle, parked on the shoulder of a highway with the engine idling. *Id.* at 391–92. However, we find *Ballard* distinguishable because (1) it was decided before *Geesa*, (2) Ballard claimed there was no evidence that he drove or operated a motor vehicle while *intoxicated*, and (3) Ballard did not stipulate that he was legally intoxicated during "the events" of that case. *Id.* at 390–92.

Notwithstanding his comparison to *Ballard*, appellant asserts that the totality of the circumstances do not demonstrate he took action to affect the functioning of his truck in a manner that would enable its use. Appellant notes that Officer Young found him asleep in his truck with neither of his feet touching the brake or accelerator. Appellant was using one hand as a pillow and his other hand was in his lap. Young stated the brake lights were not on and the truck was not in gear. Further, Young testified he had no idea how long the truck had been stopped and did not see appellant operate or exert any control over his truck.

However, the evidence also shows the truck was located in a moving lane of traffic, and appellant was found in the driver's seat of the truck with the engine running. Appellant was alone, and the

truck was registered to him. Moreover, appellant generally stipulated that "the events of this case occurred while [he] was legally intoxicated."

We hold this evidence was factually sufficient to support appellant's conviction. As noted above, the fact finder could reasonably infer that appellant was "operating" his truck while intoxicated. He was found alone in the driver's seat of a truck registered to him and sitting in a moving lane of traffic with the engine running. It could logically be inferred that, at some point, appellant started the engine of the truck, and he stipulated that he was legally intoxicated when the "events of this case occurred." A neutral review of all of the above evidence, both for and against the finding that appellant operated his truck, does not demonstrate that the proof is so obviously weak as to undermine confidence in the fact finder's determination. Nor is the proof that appellant operated his truck greatly outweighed by contrary proof. To the extent that any of the evidence in this case may be viewed as contradictory, we note that a decision is not manifestly unjust merely because the fact finder resolved conflicting views of the evidence in favor of the State. *Cain v. State,* 958 S.W.2d 404, 410 (Tex.Crim.App.1997).

We overrule appellant's second issue.

### Conclusion

We affirm the judgment of the trial court.