COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-429-CR

 

 

RICKY ALTON WATSON                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                TEXAS

 

                                              ------------

 

        FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Ricky Alton Watson appeals his
conviction for driving while intoxicated (DWI). 
Following a bench trial, the trial court found Watson guilty and
sentenced him to ninety days in jail probated for two years and assessed a $500
fine.  In a single point, Watson claims
that the evidence is factually insufficient to support his conviction;
specifically, Watson claims that the evidence is factually insufficient to
establish that he was driving the vehicle. 

II.  Factual Background

At 2:45 a.m. on April 18, 2007, a taxicab driver
called police to report erratic driving by a white SUV heading north on highway
121 in Grapevine.  Grapevine police
officer Brent Hartsell responded to the dispatch to investigate a possible
driving while intoxicated by the driver of a white SUV northbound on highway
121.  When Officer Hartsell reached the
area where the white SUV had reportedly been seen, he saw a white SUV parked
about ten to fifteen feet off the shoulder of the highway in the grassy median.  Officer Hartsell parked, exited his vehicle,
approached the SUV, and noticed that the SUV=s engine
was running and that its lights were on. 
Watson was Aslunched over,@ sitting
in the driver=s seat; no other persons were in
the SUV.  Officer Hartsell knocked on the
driver=s side
window several times until Watson woke up. 
Watson then unlocked the SUV=s doors
and turned off the ignition. 








Watson claimed that he was driving to Benbrook,
but he was not traveling in the direction of Benbrook.  Officer Hartsell noticed that Watson=s eyes
were dilated and bloodshot.  He noticed a
moderate odor of alcohol on Watson=s breath
and decided to conduct field sobriety tests. 
Officer Hartsell conducted three field sobriety tests, and Watson failed
all three.  The officer arrested Watson
for DWI.

III.  Factual Sufficiency Challenge to AOperating@
Element of Offense

A person commits the offense of DWI if he is
intoxicated while operating a motor vehicle in a public place.  Tex. Penal Code Ann. '
49.04(a) (Vernon 2003).  Here, Watson
claims the evidence is factually insufficient to show that he was Aoperating@ a motor
vehicle.  Watson does not dispute or
challenge the evidence that he was intoxicated at the time the officer found
him in his car.  Rather, Watson argues
that, from the totality of the circumstances, the evidence was not factually
sufficient to prove that he Aoperated@ his
vehicle while he was intoxicated.








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s determination is manifestly
unjust.  Watson, 204 S.W.3d at 414B15, 417;
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
judgment.  Watson, 204 S.W.3d at
417.

We recently addressed, in Dornbusch v. State,
the exact contention raised by Watson here. 
262 S.W.3d 432, 436 (Tex. App.CFort
Worth 2008, no pet.).  In Dornbush
we explained, AThere is no statutory definition
of the term >operate.=@  Id. 
We noted in Dornbusch that the court of criminal appeals has held
that, to find operation of a motor vehicle, Athe
totality of the circumstances must demonstrate that the defendant took action
to affect the functioning of his vehicle that would enable the vehicle=s use.@  Id. (citing Denton v. State, 911
S.W.2d 388, 390 (Tex. Crim. App. 1995)). 
We acknowledged that, according to the court of criminal appeals, Aoperating@ did not
require a driver to either cause a vehicle to move or to not move; the court of
criminal appeals has explained:

We do not accept the
contention that to operate a vehicle within the meaning of the statute, the
driver=s personal effort must
cause the automobile to either move or not move. Purposely causing or
restraining actual movement is not the only definition of Aoperating@ a motor vehicle. In other words, we
examine the totality of the circumstances to determine if [the defendant]
exerted personal effort upon his vehicle . . . for its intended purpose.

 








Denton, 911 S.W.2d at 389 (emphasis added); see also
Hearne v. State, 80 S.W.3d 677, 680 (Tex. App.CHouston
[1st Dist.] 2002, no pet.) (holding that a reviewing court is to look at the
totality of the circumstances surrounding the entire incident in question to
ascertain whether the trial court properly determined if operation had
occurred).  Under this standard, Aoperating@ a motor
vehicle is interpreted very broadly.  Dornbusch,
262 S.W.3d at 436; Barton v. State, 882 S.W.2d 456, 459 (Tex. App.CDallas
1994, no pet.); see Strong v. State, 87 S.W.3d 206, 215 (Tex. App.CDallas
2002, pet. ref=d).  Based on this broad definition of Aoperating
a motor vehicle,@ we held in Dornbusch that
any action that is more than mere preparation toward operating the vehicle
would necessarily be an Aaction to affect the functioning
of [a] vehicle in a manner that would enable the vehicle=s use.@  Dornbusch, 262 S.W.3d at 436.  Finally, in Dornbusch we reviewed the
numerous cases upholding DWI arrests or convictions under the totality of the
circumstances test even though the person Aoperating@ the
motor vehicle was initially found to be asleep or unconscious.  Id. at 436B37.  








Our holding and analysis in Dornbusch is
controlling here.  Here, a taxicab driver
testified at trial that he observed a white SUV driving erratically on the date
in question in the vicinity where Watson=s SUV
was found by Officer Hartsell.  The
taxicab driver testified that he called the police.  When Officer Hartsell arrived at the scene,
he found Watson Aslunched over@ in the
driver=s seat
of the SUV with the engine running. 
Viewing the totality of the circumstances and all the evidence in a
neutral light, we hold that the evidence that Watson was Aoperating@ a motor
vehicle, specifically the white SUV, is not so obviously weak as to undermine
confidence in the verdict and is not greatly outweighed by contrary proof.  The evidence is therefore factually
sufficient to show that Watson operated his vehicle while intoxicated.  See, e.g., id. at 436B38; Hearne,
80 S.W.3d at 680; Freeman v. State, 69 S.W.3d 374, 375B76 (Tex.
App.CDallas
2002, no pet.); State v. Savage, 905 S.W.2d 272, 273 (Tex. App.CSan
Antonio 1995), aff=d, 933
S.W.2d 497 (Tex. Crim. App. 1996).  We
therefore overrule Watson=s sole point.

IV.  Conclusion

Having overruled Watson=s sole
point, we affirm the trial court=s
judgment.

 

SUE WALKER

JUSTICE

 

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: December 23, 2008











[1]See Tex. R. App. P. 47.4.