

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-429-CR

RICKY ALTON WATSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         TEXAS

------------

## FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Ricky Alton Watson appeals his conviction for driving while intoxicated (DWI). Following a bench trial, the trial court found Watson guilty and sentenced him to ninety days in jail probated for two years and assessed a $500 fine. In a single point, Watson claims that the evidence is factually

---

[1] *See* Tex. R. App. P. 47.4.

insufficient to support his conviction; specifically, Watson claims that the evidence is factually insufficient to establish that he was driving the vehicle.

## II. FACTUAL BACKGROUND

At 2:45 a.m. on April 18, 2007, a taxicab driver called police to report erratic driving by a white SUV heading north on highway 121 in Grapevine. Grapevine police officer Brent Hartsell responded to the dispatch to investigate a possible driving while intoxicated by the driver of a white SUV northbound on highway 121. When Officer Hartsell reached the area where the white SUV had reportedly been seen, he saw a white SUV parked about ten to fifteen feet off the shoulder of the highway in the grassy median. Officer Hartsell parked, exited his vehicle, approached the SUV, and noticed that the SUV's engine was running and that its lights were on. Watson was "slunched over," sitting in the driver's seat; no other persons were in the SUV. Officer Hartsell knocked on the driver's side window several times until Watson woke up. Watson then unlocked the SUV's doors and turned off the ignition.

Watson claimed that he was driving to Benbrook, but he was not traveling in the direction of Benbrook. Officer Hartsell noticed that Watson's eyes were dilated and bloodshot. He noticed a moderate odor of alcohol on Watson's breath and decided to conduct field sobriety tests. Officer Hartsell conducted

2

three field sobriety tests, and Watson failed all three.  The officer arrested Watson for DWI.

### III.  FACTUAL SUFFICIENCY CHALLENGE TO "OPERATING" ELEMENT OF OFFENSE

A person commits the offense of DWI if he is intoxicated while operating a motor vehicle in a public place.  Tex. Penal Code Ann. § 49.04(a) (Vernon 2003).  Here, Watson claims the evidence is factually insufficient to show that he was "operating" a motor vehicle.  Watson does not dispute or challenge the evidence that he was intoxicated at the time the officer found him in his car.  Rather, Watson argues that, from the totality of the circumstances, the evidence was not factually sufficient to prove that he "operated" his vehicle while he was intoxicated.

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Watson*, 204 S.W.3d at 414–15, 417; *Johnson v. State*, 23

3

S.W.3d 1, 11 (Tex. Crim. App. 2000). To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the judgment. *Watson*, 204 S.W.3d at 417.

We recently addressed, in *Dornbusch v. State*, the exact contention raised by Watson here. 262 S.W.3d 432, 436 (Tex. App.—Fort Worth 2008, no pet.). In *Dornbush* we explained, "There is no statutory definition of the term 'operate.'" *Id*. We noted in *Dornbusch* that the court of criminal appeals has held that, to find operation of a motor vehicle, "the totality of the circumstances must demonstrate that the defendant took action to affect the functioning of his vehicle that would enable the vehicle's use." *Id.* (citing *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995)). We acknowledged that, according to the court of criminal appeals, "operating" did not require a driver to either cause a vehicle to move or to not move; the court of criminal appeals has explained:

> We do not accept the contention that to operate a vehicle within the meaning of the statute, the driver's personal effort must cause the automobile to either move or not move. *Purposely causing or restraining actual movement is not the only definition of "operating" a motor vehicle.* In other words, we examine the totality of the circumstances to determine if [the defendant] exerted personal effort upon his vehicle . . . for its intended purpose.

4

*Denton*, 911 S.W.2d at 389 (emphasis added); *see also Hearne v. State*, 80 S.W.3d 677, 680 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that a reviewing court is to look at the totality of the circumstances surrounding the entire incident in question to ascertain whether the trial court properly determined if operation had occurred). Under this standard, "operating" a motor vehicle is interpreted very broadly. *Dornbusch*, 262 S.W.3d at 436; *Barton v. State*, 882 S.W.2d 456, 459 (Tex. App.—Dallas 1994, no pet.); *see Strong v. State*, 87 S.W.3d 206, 215 (Tex. App.—Dallas 2002, pet. ref'd). Based on this broad definition of "operating a motor vehicle," we held in *Dornbusch* that any action that is more than mere preparation toward operating the vehicle would necessarily be an "action to affect the functioning of [a] vehicle in a manner that would enable the vehicle's use." *Dornbusch*, 262 S.W.3d at 436. Finally, in *Dornbusch* we reviewed the numerous cases upholding DWI arrests or convictions under the totality of the circumstances test even though the person "operating" the motor vehicle was initially found to be asleep or unconscious. *Id.* at 436–37.

Our holding and analysis in *Dornbusch* is controlling here. Here, a taxicab driver testified at trial that he observed a white SUV driving erratically on the date in question in the vicinity where Watson's SUV was found by Officer Hartsell. The taxicab driver testified that he called the police. When Officer

5

Hartsell arrived at the scene, he found Watson "slunched over" in the driver's seat of the SUV with the engine running. Viewing the totality of the circumstances and all the evidence in a neutral light, we hold that the evidence that Watson was "operating" a motor vehicle, specifically the white SUV, is not so obviously weak as to undermine confidence in the verdict and is not greatly outweighed by contrary proof. The evidence is therefore factually sufficient to show that Watson operated his vehicle while intoxicated. *See, e.g.*, *id.* at 436–38; *Hearne*, 80 S.W.3d at 680; *Freeman v. State*, 69 S.W.3d 374, 375–76 (Tex. App.—Dallas 2002, no pet.); *State v. Savage*, 905 S.W.2d 272, 273 (Tex. App.—San Antonio 1995), *aff'd,* 933 S.W.2d 497 (Tex. Crim. App. 1996). We therefore overrule Watson's sole point.

## IV. CONCLUSION

Having overruled Watson's sole point, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2008