NO. 07-06-0270-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 10, 2009
_____

DANNY VILLA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412699; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ON MOTION FOR REHEARING**

The Court this day overruled appellant's pro se motion for rehearing. The opinion issued on May 29, 2009 has been withdrawn and this opinion is issued in its place.

Appellant Danny Villa appeals from his conviction for driving while intoxicated and the resulting life sentence, presenting six points of error. Finding no reversible error, we affirm.

Background

By a May 2006 indictment, appellant was charged with felony driving while intoxicated.[1]  The indictment set forth appellant's two prior misdemeanor convictions for driving while intoxicated and included two enhancement paragraphs, setting forth appellant's two previous final felony convictions.[2]

At trial, the State presented the events giving rise to appellant's conviction through witnesses and a video of both the events at the scene and those at the jail after appellant was arrested. Evidence showed that near midnight on August 27, 2005, a university student leaving a Lubbock apartment complex saw a car sitting in a landscaped area in front of the complex's leasing office.  He parked his vehicle.  Another motorist, making a pizza delivery, also stopped and the two approached the car.  The student found the car's headlights on, the engine running, the driver's window open, and a male, later identified as appellant, sitting in the driver's seat with his head resting against the steering wheel. Appellant only moaned in response to the student's questions.

---

[1] *See* Tex. Penal Code Ann. § 49.04 (Vernon 2003).  The indictment alleged that appellant, "on or about the 27th day of August, A.D. 2005, did unlawfully, while not having the normal use of mental or physical faculties, by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body, operate a motor vehicle in a public place, while the said Defendant was intoxicated."

[2] *See* Tex. Penal Code Ann. § 12.42 (Vernon 2003).

Trial testimony and the police in-car video show the car, a Ford Taurus, was sitting perpendicular to the street, with its rear wheels on the sidewalk and the front of the car extending into the landscaping.[3] Appellant's counsel referred to the Taurus as having jumped the curb.

The student called police. When officers arrived, they found appellant asleep in the driver's seat. They woke appellant by shaking him, removed him from the car and turned off the engine.

Upon removing appellant from his car, an officer noticed appellant was unsteady on his feet and had slurred speech. An odor of alcohol was about his person and breath and emanating from the vehicle. Appellant seemed unaware of where he was when police approached him, telling them he was on 50th Street when his actual location was near the intersection of Flint Avenue and 4th Street. The officer concluded that appellant was intoxicated and conducted the HGN task included within the standardized field sobriety tasks. He testified the test indicated intoxication. Appellant refused to perform any other tests. One empty beer can in a brown paper bag was found in the back seat and a one-quart beer bottle, also wrapped in a paper bag, was found in the front passenger floorboard of the car. Appellant was placed under arrest and taken to the jail where officers again attempted to administer field sobriety tasks. Appellant was unwilling to perform these tasks and refused to provide a breath sample.

---

[3] The student, asked to describe the surface on which the car was located, said, "It was a grass flower bed. There was, like, a hill that had some flowers, some landscaping in it, and it was right up against that berm." An officer referred to the Taurus as "parked up in the shrubbery, in a bush, up on the property of the [apartment complex]."

Appellant presented his case in the guilt-innocence stage of trial only through cross-examination of the State's witnesses. Following the presentation of the evidence, appellant was found guilty as charged in the indictment and sentenced to life imprisonment. This appeal followed.

Issues

Appellant asserts six points of error on appeal. He first argues the evidence presented at trial was legally and factually insufficient to prove that he drove or operated the vehicle in any manner. He next argues there was legally and factually insufficient evidence to show he was intoxicated at the time he allegedly drove or operated the vehicle. In appellant's third, fourth and fifth points of error, he complains of the use of his prior misdemeanor convictions as evidence. Lastly, appellant asserts that the use of a prior felony offense that has been reclassified as a misdemeanor to enhance his potential sentence violated his constitutional rights.

Analysis

*Sufficiency of Evidence to Support Conviction*

In reviewing issues of legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether a rational fact finder could have found each element of the offense beyond a reasonable doubt. *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001) (*citing Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560

4

(1979)). If, based on all the evidence, a reasonably minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen,* 101 S.W.3d at 95 (*citing Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992)), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993)).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319. *See also Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App. 2007) (juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial). The trier of fact is the sole judge of the weight and credibility of the evidence. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Margraves v. State,* 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder. *Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), *cert. denied,* 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). We must resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App. 2000). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper,* 214 S.W.3d at 13. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial

5

evidence alone can be sufficient to establish guilt. *Id.* On appeal, the same standard of review is used for both circumstantial and direct evidence cases. *Id.*

A factual sufficiency review considers whether the evidence supporting guilt, though legally sufficient, is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Grotti v. State,* 273 S.W.3d 273, 283 (Tex.Crim.App. 2008); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006)*; Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006). In a factual sufficiency review, we consider all the evidence, but in a neutral light. *Grotti,* 273 S.W.3d at 283; *Marshall*, 210 S.W.3d at 625; *Watson*, 204 S.W.3d at 414. Although an appellate court's authority to review factual sufficiency permits the court to disagree with the fact finder's determinations, even to a limited degree those concerning the weight and credibility of the evidence, the appellate court must accord them due deference. *Marshall*, 210 S.W.3d at 625; *Johnson v. State*, 23 S.W.3d 1, 9 (Tex.Crim.App. 2000). *See also Steadman v. State,* 280 S.W.3d 242, 246-47 (Tex.Crim.App. 2009). When there is a conflict in the evidence, to find it factually insufficient we must first be able to say, with some objective basis in the record, that the great weight and preponderance of all the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417. We must also discuss the evidence that, according to the appellant, most undermines the jury's verdict. *Laster v. State,* 275 S.W.3d 512, 518 (Tex.Crim.App. 2009); *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App.2003).

Evidence of Operation or Driving of Motor Vehicle

To sustain a conviction for driving while intoxicated, the State must show that appellant (1) drove or operated a motor vehicle; (2) while intoxicated; (3) in a public place. Tex. Penal Code Ann. § 49.04(a) (Vernon 2003). An offense under Section 49.04 is a felony of the third degree if the person has previously been convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated. Tex. Penal Code Ann. § 49.09(b)(2) (Vernon 2003).

Appellant argues that because the car's transmission was found in the "park" position, there was insufficient evidence to show that he drove or operated the vehicle. He further contends that the testimony at trial showed that no one saw him start, shift, or otherwise operate the vehicle. At the time of his arrest, appellant insisted to the officers that he had been in the car's back seat. He said he was waiting for friends.

Appellant's argument does not directly challenge evidence that he was intoxicated when officers encountered him or that the Taurus had been driven in a public place. Instead, he asserts there is a lack of evidence to show he was the person driving the car. Although there is no direct evidence that appellant was the person who drove the Taurus to its resting place in the apartment complex's landscaping, we find the circumstantial evidence both legally and factually sufficient to allow the jury to infer that fact. *See Hooper,* 214 S.W.3d at 15. Appellant was the only person in the car; both the student and police testified he was seated behind the wheel; he was intoxicated; the car's lights were on and its engine running; the police in-car video recorded appellant's statement that he "was just

trying to make it home." Courts have found similar evidence sufficient to support an inference that an intoxicated person was a vehicle's driver. *See Hearne v. State,* 80 S.W.3d 677, 680 (Tex.App.–Houston [1st Dist.] 2002, no pet.) (evidence sufficient to support conviction for driving while intoxicated where defendant was found in driver's seat of truck, truck registered to defendant, the truck was parked in a moving lane of traffic, and no other people were around the scene); *Pope v. State,* 802 S.W.2d 418, 420 (Tex.App.–Austin 1991, no pet.) (evidence showing a defendant found asleep in a truck on a remote road, with the engine running and the lights on, sufficient to support conviction for driving while intoxicated).

Appellant's statements to the arresting officers that he was not driving but was waiting on his friends and his insistence he was in the car's back seat are contrary to the jury's finding. Appellant also argues the presence of the beer containers in both the front and back seat areas provide evidence other people were in the car. But the jury was free to disbelieve those contentions, and the reasonableness of their doing so is supported by the testimony showing appellant was in the driver's seat, and the absence of any other evidence of the presence of other people.

Viewing the evidence in the proper light, we find the evidence both legally and factually sufficient. Appellant's first point of error is overruled.

Evidence of Intoxication While Operating Vehicle

Appellant further argues that even if there is sufficient evidence to show that he drove the car, there is no evidence to show he was intoxicated while driving the car. He

8

also emphasizes evidence the car's transmission was in "park." Appellant's argument on this point would have required the jury to conclude that, while sober, he drove the Taurus up over the curb onto the apartment property, parked it, then became intoxicated. We cannot fault the jury for its apparent rejection of such a view of the evidence. *See Hearne,* 80 S.W.3d at 680; *Pope,* 802 S.W.2d at 420 (similar analyses). *See also Zavala v. State,* 89 S.W.3d 134, 139 (Tex.App.–Corpus Christi 2002, no pet.) (proof of the precise time of driving is not the *sine qua non* of driving while intoxicated).

Viewed in the light most favorable to the verdict, we find the evidence permitted a rational jury to find each element of the offense beyond a reasonable doubt. And, we do not find the great weight and preponderance of all the evidence contradicts the jury's verdict. We accordingly find the evidence supporting appellant's guilt both legally and factually sufficient, and overrule appellant's second point of error.

*Use of Prior Convictions*

In appellant's third, fourth, and fifth points of error, he complains of the use of his prior convictions for enhancement purposes.

Prior Convictions More than 10 Years Old

Appellant first asserts it was error to allow the use of two 1992 misdemeanor DWI convictions to enhance the DWI offense to a felony-level offense.[4] He contends the State

---

[4] We note that Section 49.09(b) of the Penal Code does not require the State to prove the defendant's prior two DWI convictions occurred sequentially. Tex. Penal Code Ann. § 49.09(b) (Vernon 2003). In fact, the two prior convictions can arise from the same criminal transaction. *Gibson v. State,* 995 S.W.2d 693 (Tex.Crim.App. 1999).

did not establish the prior convictions met the requirements of section 49.09(e) applicable to trial of this case.[5]  However, the requirements of 49.09(e) are not elements of the offense, but matters of admissibility.  *Weaver v. State,* 87 S.W.3d 557, 560 (Tex.Crim.App. 2002).[6]  At trial, appellant objected to use of the 1992 misdemeanor convictions, but only for the asserted reason that their use for that purpose violated the prohibition on ex post facto laws.  Because the contention raised in his third point of error was not raised in the trial court, we agree with the State it presents nothing for appellate review.[7]  *Guevara v. State,* 97 S.W.3d 579, 583 (Tex.Crim.App. 2003) (appellant's point of error on appeal must comport with his objection at trial).  We overrule appellant's third point of error.

---

[5] *See* Tex. Penal Code Ann. § 49.09(e) (Vernon 2001) providing: (e) A conviction may not be used for purposes of enhancement under this section if:(1) the conviction was a final conviction under Subsection (d) and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and (2) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated committed within 10 years before the date on which the offense for which the person is being tried was committed. (Repealed Acts 2005, 79th Leg., ch. 996, § 3. eff. Sept. 1, 2005).

[6] Weaver addressed the prior version of 49.09(e) but this Court and others have applied its holding that the requirements of that section are matters of admissibility to later versions of the section.  *See, e.g., Gordon v. State,* 161 S.W.3d 188 (Tex.App.–Texarkana 2005, no pet.); *Moreno v. State,* No. 07-03-0505-CR, 2005 WL 2839747 (Tex.App.–Amarillo Oct. 28, 2005, no pet.) (mem. op., not designated for publication).

[7] In fact, at the pretrial hearing in June 2006, appellant's counsel states that "my client is well aware that the Legislature has amended the Penal Code under 49.09 to allow convictions in excess of ten years old to be used to bring a third DWI up to a – up to a third-degree felony level." Appellant then advanced an ex post facto argument, contending that allowing the use of convictions more than ten years old for enhancement purposes is constitutionally invalid.

## Ex Post Facto Law

Appellant's fourth point of error addresses the objection he raised at trial to the use of his 1992 convictions to increase his current offense to felony level. His trial objection contended such use of convictions occurring more than ten years prior to his current offense, pursuant to Penal Code § 49.09, is constitutionally invalid as an ex post facto law. The contention is based on the fact that the law regarding the collateral consequences of a misdemeanor DWI conviction in existence at the time of his 1992 convictions differed from current law.

On appeal, appellant acknowledges that Texas courts have rejected the contention he raised at trial. *See State v. Pieper,* 231 S.W.3d 9 (Tex.App.–Houston [14th Dist.] 2007, no pet.); *Saucedo v. State,* No. 03-06-00305-CR, 2007 WL 1573948 (Tex.App.–Austin May 30, 2007, no pet.) (mem. op., not designated for publication); *Romo v. State,* No. 04-05-00602-CR, 2006 WL 3496933 (Tex.App.–San Antonio Dec. 6, 2006, no pet.) (mem. op., not designated for publication). He urges the holdings of those cases should be reconsidered. We decline to do so, and rather will follow them. Appellant's fourth point of error is overruled.

## Entrance of Pleas to Prior Convictions

Like his third point, appellant's fifth point of error raises an objection to admission of his two 1992 misdemeanor DWI convictions that was not presented to the trial court. Appellant here contends that the introduction of evidence of those convictions before the jury led to their improper use as character conformity evidence. *See* Tex. R. Evid. 404(b)

(providing evidence of other crimes is not admissible to prove character in order to show action in conformity therewith). He also argues the evidence of the prior convictions was more prejudicial than probative. *See* Tex. R. Evid. 403 (providing that relevance evidence may nonetheless be excluded if, inter alia, its probative value is substantially outweighed by the danger of unfair prejudice).[8] Because his contentions on appeal were not raised at trial, they present nothing for our review. Tex. R. App. P. 38.1(h); 33.1; *Marin v. State,* 851 S.W.2d 275, 277-80 (Tex.Crim.App. 1993), *overruled on other grounds by Cain v. State,* 947 S.W.2d 262 (Tex.Crim.App. 1997). Appellant's fifth point of error is overruled.[9]

Reclassification of Previous Offense

Lastly, through his sixth point, appellant contends he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. U.S. Const. amend. VIII. The constitutional violation arises, appellant argues, from the use of his prior conviction for burglary of a vehicle to enhance the punishment range for his current offense from a term of two to ten years to a term for life

---

[8] *See Tamez v. State,* 11 S.W.3d 198, 201-03 (Tex.Crim.App. 2000) (providing for stipulation to previous felony convictions used to elevate what would otherwise be a misdemeanor offense to the level of a felony). Appellant states in his brief that he was unable to stipulate to the prior convictions because of his doubts about their correctness and the propriety of their use under § 49.09(b). We note also that appellant's argument under the evidentiary rules ignores the fact that prior convictions are elements of the offense. *Weaver*, 87 S.W.3d at 560.

[9] Part of appellant's argument under his fifth point of error is couched in due process terms. Characterizing appellant's argument as raising violation of a constitutional right does not exempt it from the error preservation rules. *Rhoades v. State,* 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Wise v. State,* 223 S.W.3d 548, 554 (Tex.App.–Amarillo 2007, pet. ref'd) (even constitutional rights may be waived).

or any term between five and ninety-nine years. At the time he committed that offense, in 1991, it was a third-degree felony, making it available for use as enhancement. *See* Tex. Penal Code Ann. § 12.42 (Vernon 2003). In 1994, the legislature reclassified burglary of a vehicle to a class A misdemeanor. Act of May 26, 1993, 73rd Leg., R.S., ch. 900, § 1.18, 1993 Tex.Gen.Laws 3586, 3705. In so doing, however, the legislature provided that an offense committed before the effective date of that amendment, September 1, 1994, is governed by the law in effect when the offense was committed. Act of May 26, 1993, 73rd Leg., R.S., ch. 900, § 1.18, 1993 Tex.Gen.Laws 3586, 3705; *see Castaneda v. State,* 135 S.W.3d 719, 723 (Tex.App.–Dallas 2003, no pet.) (describing same legislation). *See also State v. Wooldridge,* 237 S.W.3d 714, 716-17 (Tex.Crim.App. 2007) (also describing 1994 legislative reclassification of offenses). Appellant contends on appeal that the statutory provision continuing to treat burglary of a vehicle committed before September 1, 1994 as a felony when if committed after that date it would be a misdemeanor causes disparate treatment under the enhancement statute. Offenders with a post-September 1, 1994 conviction for burglary of a vehicle are not at risk of its use as a felony enhancement, those like appellant who committed the same offense before that date carry that risk. As a result, appellant contends, his Eighth Amendment rights have been violated.

We overrule the point of error. Appellant did not raise with the trial court the contention he now voices. Tex. R. App. P. 33.1. Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades,* 934 S.W.2d at 120; *Castaneda,* 135 S.W.3d at 723.

13

Having overruled appellant's points of error, we affirm the judgment of the trial court.


James T. Campbell
Justice



Do not publish.