



# MEMORANDUM OPINION

No. 04-11-00397-CR

Anthony Eugene **SHIELDS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 980448
Honorable Jason Wolff, Judge Presiding

Opinion by:  Rebecca Simmons, Justice

Sitting:  Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  January 25, 2012

AFFIRMED

Appellant Anthony Eugene Shields was convicted of the misdemeanor offense of driving while intoxicated (DWI).  In his sole issue on appeal, Shields contends the evidence was legally insufficient to support the verdict because the State failed to prove beyond a reasonable doubt that he operated a vehicle or that he was intoxicated.  We affirm the trial court's judgment.

**BACKGROUND**

On September 9, 2006, at approximately 12:25 a.m., Officer Johnny Salinas responded to a report of a sleeping, ill, or unconscious driver parked between traffic lanes at a highway intersection. Officer Salinas approached the vehicle and found Shields unconscious in the driver's seat and observed the vehicle's engine was running. Salinas testified that Shields's car was straddling two lanes of traffic near a traffic light. Salinas tapped on the vehicle's window to wake Shields. Salinas observed that Shields had bloodshot eyes, slurred speech, and the strong smell of alcohol on him. Salinas detained Shields and escorted him to the San Antonio Magistrate's Office to administer standardized field sobriety tests (SFSTs) and to administer a Breathalyzer test to determine Shields's blood-alcohol concentration. Shields refused to perform the SFSTs and refused to provide a breath sample.

The case proceeded to trial four years and eight months after the alleged offense. The State's only witness was Officer Salinas. Because of the considerable time span between the alleged offense and the trial, Salinas relied considerably on his written report. Despite some inconsistencies in Salinas's report, the jury found Shields guilty. Shields appeals his conviction.

**LEGAL SUFFICIENCY**

Shields contends there was insufficient evidence to support the jury's guilty verdict because the State did not prove beyond a reasonable doubt that Shields operated his vehicle or that he was intoxicated.

**A. Standard of Review**

A reviewing court determines legal sufficiency by "[c]onsidering all of the evidence in the light most favorable to the verdict" to determine whether the trier of fact was "rationally justified in finding guilt beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 899

(Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard requires an appellate court to defer to the factfinder's credibility and weight determinations. *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979). "'Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.'" *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Therefore, we apply the same standard of review to direct and circumstantial evidence. *Hooper v. State*, 214 S.W.3d at 13.

## B. Driving While Intoxicated

A person commits the offense of DWI "if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04 (West 2011);[1] *Sierra v. State*, 280 S.W.3d 250, 254 (Tex. Crim. App. 2009). "Intoxicated" is defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol," or "having an alcohol concentration of 0.08 or more." TEX. PENAL CODE ANN. § 49.01; *Sierra*, 280 S.W.3d at 254. Evidence that a person refused to submit to a breath test is admissible at the defendant's trial for DWI. TEX. TRANSP. CODE ANN. § 724.061 (West 2011); *Bartlett v. State*, 270 S.W.3d 147, 149 (Tex. Crim. App. 2008). Additionally, intoxication can be proven circumstantially by evidence of a defendant's bloodshot eyes, slurred speech, strong odor of alcohol on the person, and difficulty standing. *See Cotton v. State*, 686 S.W.2d 140, 142 & n.3 (Tex. Crim. App. 1985) (providing a non-exhaustive list of evidence of intoxication); *see also Kuciemba v. State*, 310 S.W.3d 460, 461 (Tex. Crim. App. 2010).

---

[1] The legislature recently amended section 49.04. Act of June 17, 2011, 82d Leg., R.S., ch. 960, § 2, 2011 Tex. Sess. Law Serv. 2413. These amendments apply only to DWI offenses committed on or after September 1, 2011. *Id.*

A defendant is determined to have "operated" a vehicle if "the totality of the circumstances . . . demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995). The State must prove "a temporal link between the . . . defendant's intoxication and his [operation of a vehicle]." *Kuciemba*, 310 S.W.3d at 462.

## C. Analysis

According to Officer Salinas's testimony, Shields was seated in the driver's seat of his vehicle, which was in a public place. Thus, the issue in this case is whether there was legally sufficient evidence to establish that Shields operated his vehicle while intoxicated.

### 1. *Evidence that Shields was intoxicated*

Salinas testified that Shields had bloodshot eyes, had slurred speech, had a strong smell of alcohol on him, and staggered as he exited the vehicle. *See Cotton*, 686 S.W.2d at 142 & n.3. Additionally, Salinas testified that Shields refused to submit a breath sample that would determine his blood-alcohol concentration. *See* TEX. TRANSP. CODE ANN. § 724.061; *Bartlett*, 270 S.W.3d at 149. Considering the evidence in a light most favorable to the verdict, the evidence was legally sufficient to support the jury's finding that Shields was intoxicated. *Cf. Brooks*, 323 S.W.3d at 899.

### 2. *Evidence that Shields "operated" his vehicle while intoxicated*

Shields contends the evidence is insufficient to establish he operated a vehicle. He admits to being asleep in an idling vehicle; however, he argues that because his car was not in gear and his foot was not touching the accelerator or brake pedals, there was no evidence of operation. Shields relies primarily on *Reddie* to support his argument. *Reddie v. State*, 736 S.W.2d 923, 926 (Tex. App.—San Antonio 1987, pet. ref'd). In *Reddie*, this court determined

that a person found sleeping or unconscious in a running vehicle in the "park" position supports an inference that an intoxicated person "caused the car to function in this way at some time." *Id.* However, we held that the evidence did not support a conviction for DWI because "there exist[ed] *other reasonable hypotheses*." *Id.* at 926–27 (emphasis added).

After *Geesa*, Shields's reliance on *Reddie* is misplaced. Several years after we decided *Reddie*, the court of criminal appeals brought an end to the "reasonable hypothesis analytical construct." *Geesa v. State*, 820 S.W.2d 154, 155, 159 (Tex. Crim. App. 1991), *overruled on other grounds by Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000). The reasonable hypothesis analytical construct required that "[a] conviction based on circumstantial evidence must exclude every other reasonable hypothesis except the guilt of the accused." *Carlsen v. State*, 654 S.W.2d 444, 447 (Tex. Crim. App. 1983), *overruled by Geesa*, 820 S.W.2d at 161. The court in *Geesa* abolished this construct because it "effectively places the reviewing court in the posture of a 'thirteenth juror.'" *Geesa*, 820 S.W.2d at 159. Following *Geesa*, at least one federal court and five of our sister courts have recognized that *Reddie* is no longer good law or is not controlling and of limited value.[2] We agree and hold that *Reddie* is no longer controlling to the extent it relied on the reasonable hypothesis analytical construct.

The facts in Shields's case are similar to a post-*Geesa* case decided by the First Court of Appeals. *See Hearne v. State*, 80 S.W.3d 677, 678–79 (Tex. App.—Houston [1st Dist.] 2002, no pet.). There, the driver argued the evidence was insufficient to support a DWI conviction because the State failed to prove he operated his vehicle. *Id.* at 679. A police officer, patrolling

---

[2] *United States v. Oliva*, No. C-09-341, 2009 WL 1918458, at *2 (S.D. Tex. July 1, 2009); *Benedict v. State*, No. 02-03-00310-CR, 2004 WL 2108837, at *5 (Tex. App.—Fort Worth Sept. 23, 2004, pet. ref'd) (mem. op., not designated for publication); *Barton v. State*, 882 S.W.2d 456, 458 (Tex. App.—Dallas 1994, no pet.); *Purvis v. State*, 4 S.W.3d 118, 120 n.1 (Tex. App.—Waco 1999, no pet.); *Frohwein v. State*, No. 08-03-00488-CR, 2005 WL 1413210, at *4 (Tex. App.—El Paso June 16, 2005, pet. ref'd) (not designated for publication); *Drake v. State*, No. 03-02-00809-CR, 2004 WL 962846, at *2 (Tex. App.—Austin May 6, 2004, no pet.) (mem. op., not designated for publication).

early in the morning, saw a vehicle parked in a moving lane of traffic. *Id.* at 678–79. The sleeping driver was seated in the driver's seat of the vehicle, and the vehicle's engine was running but the gear selector was in the "park" position. *Id.* at 679. The driver's feet were not touching the accelerator or brake pedals, nor were his hands touching any switches or the steering wheel. *Id.* The officer was unable to testify as to how long the vehicle had been parked and admitted "he did not see appellant 'exert any action, movement or anything to attempt to control' the truck." *Id.* The driver stipulated that he was legally intoxicated at the time but denied operating the vehicle *while* intoxicated. *Id.* The court held that these facts could allow a jury to reasonably infer the driver had operated his vehicle while intoxicated. *Id.* at 680.

Based on the facts of Shields's case, that the vehicle was parked between two moving lanes of traffic in the early morning hours, the car's engine was running, and Shields was alone in the vehicle and was seated in the driver's seat, we conclude the evidence was legally sufficient to support the finding that Shields operated his vehicle while intoxicated. *See Hearne*, 80 S.W.3d at 678–80; *Freeman v. State*, 69 S.W.3d 374, 375 (Tex. App.—Dallas 2002, no pet.); *cf. Kuciemba*, 310 S.W.3d at 462 (requiring a temporal link between a defendant's operation of a vehicle and his intoxication); *Scillitani v. State*, 343 S.W.3d 914, 917 (Tex. App.—Houston [14th Dist.] 2011, pet. filed).

## CONCLUSION

Considering the evidence in a light most favorable to the verdict, as we must, the evidence was legally sufficient to support Shields's conviction for DWI. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. The evidence is legally sufficient to support the finding that Shields operated his vehicle while intoxicated in a public place. *See* TEX. PENAL CODE ANN.

§ 49.04; *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995).  Therefore, we affirm the trial court's judgment.


Rebecca Simmons, Justice

DO NOT PUBLISH