

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00356-CR

CHAD WILLIAM MURRAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 66th District Court
Hill County, Texas
Trial Court No. M0187-11, Honorable F. B. (Bob) McGregor Jr., Presiding

June 26, 2014

## OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Chad William Murray appeals his conviction for driving while intoxicated. He raises four issues, but we address only one for it is dispositive.[1] That issue involves the sufficiency of the evidence to support his conviction. We find the evidence legally insufficient, reverse the judgment, and render judgment of acquittal.

The pertinent standard of review was most recently explained in *Carrizales v. State*, 414 S.W.3d 737 (Tex. Crim. App. 2013). It requires the court to view the

---

[1] The State did not favor us with a brief addressing any issue raised by appellant.

evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.* at 742. Direct evidence is not necessary for circumstantial evidence can be as probative as direct evidence in establishing the guilt of the actor. *Id.* Indeed, circumstantial evidence alone may be sufficient. *Id.*

As previously mentioned, the State convicted appellant of driving while intoxicated under section 49.04 of the Texas Penal Code. Thus, it was obligated to have shown, beyond reasonable doubt, that appellant was "intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2013).

One is intoxicated when he lacks the normal use of his mental or physical faculties by reason of the introduction of alcohol, among other substances, into his body or when having a blood alcohol concentration of 0.08 or more. *Id.* § 49.01(2). And, though statute does not define the term "operate," our Court of Criminal Appeals has held that a person operates a vehicle when the totality of the circumstances demonstrate that he "took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Kirsch v. State*, 357 S.W.3d 645, 650-51 (Tex. Crim. App. 2012); *Denton v. State*, 911 S.W.2d 388, 389 (Tex. Crim. App. 1995), *quoting Barton v. State*, 882 S.W.2d 456 (Tex. App.—Dallas 1994, no pet.). In other words, the circumstances must illustrate that the "defendant exerted personal effort upon his vehicle for its intended purpose." *Denton v. State*, 911 S.W.2d at 389, *quoting Barton v. State, supra.* Appellant contends that the State failed to prove he was operating the vehicle as contemplated by the statute.

The record illustrates that Texas troopers found appellant alone, reclining, asleep in the seat of his pickup in the cold early hours of a January morning. The vehicle was parked on a private drive near a fireworks stand with its radio on. Though a portion of the vehicle remained on a shoulder adjacent to the roadway, none was on the roadway. Furthermore, while its motor was running, its transmission was not engaged; that is, it was in park. No signs of containers holding alcoholic substances were found around the vehicle. How long appellant and his vehicle were at the locale went unmentioned, as did the time at which he arrived there. Moreover, the trooper who first encountered and then awoke appellant acknowledged that appellant was not operating the vehicle in his presence. The same trooper also testified both that a sleeping person is not operating a vehicle and that he did not know if appellant had consumed beer at the scene or elsewhere.

Whether appellant owned or was in some way affiliated with the fireworks stand also went unmentioned. Whether he began ingesting alcoholic substances at a locale near the fireworks stand went undeveloped, as did whether establishments existed nearby whereat intoxicating substances could be acquired.

We do not have evidence of the vehicle's transmission being engaged, as in *Dornbusch v. State*, 262 S.W.3d 432 (Tex. App.—Fort Worth 2008, no pet.).[2] Nor did appellant here inform the officers that he had been driving the car, as in *Reynolds v. State*, 744 S.W.2d 156 (Tex. App.—Amarillo 1987, pet. ref'd). Nor was the vehicle running while actually on the roadway, as in *Barton v. State*, *supra* and *Pope v. State*, 802 S.W.2d 418 (Tex. App.—Austin 1991, no pet.) and *Hernandez v. State*, 773

---

[2] Indeed, that the car was in gear was the determinative factor according to the justice who concurred in *Dornbusch*. *Dornbusch v. State*, 262 S.W.3d 432, 438-39 (Tex. App.—Fort Worth 2008, no pet.) (concurring).

3

S.W.2d 761 (Tex. App.—San Antonio 1989, no pet.). Nor was the vehicle found running in a moving lane of traffic, as in *Hearne v. State*, 80 S.W.3d 677 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Nor is there evidence that appellant attempted to manipulate the vehicle's controls, like the steering wheel, gear lever, brakes, or accelerator, as in *Barton v. State*, *supra*, or *Hernandez v. State*, *supra.* Each of those prosecutions may have involved someone finding someone awake or asleep behind a steering wheel of an idling car. Yet, each had more indicia allowing a fact finder to reasonably infer that the accused took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use or that the defendant exerted personal effort upon his vehicle for its intended purpose. Here, however, appellant was simply found asleep in a running truck while parked off the roadway and mainly in a private driveway. And, while one can infer that someone had to have driven the truck there, we have no evidence as to when or whether the person was inebriated at the time.

Simply put, no direct or circumstantial evidence appears of record enabling a reasonable fact finder to infer that appellant operated his vehicle while intoxicated. We reverse the judgment and render judgment acquitting appellant of the offense.


        Brian Quinn
        Chief Justice


Publish.

4