PD-0269-15

PD-        -15

PD-0269-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/12/2015 10:53:31 AM
Accepted 3/13/2015 9:01:51 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## MARISOL PRIEGO, Appellant

## VS.

## THE STATE OF TEXAS, Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FROM THE COURT OF APPEALS
SIXTH APPELLATE DISTRICT OF TEXAS
AT TEXARKANA

No. 06-14-0008-CR
2015 Tex.App. LEXIS 1464
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM THE 124TH DISTRICT COURT
GREGG COUNTY  TRIAL COURT NO. 41,399-B
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED IN
COURT OF CRIMINAL APPEALS

March 13, 2015

ABEL ACOSTA, CLERK

EBB B. MOBLEY
State Bar #14238000
Attorney at Law
422 North Center
P.O. Box 2309
Longview, Texas 75606
Telephone (903) 757-3331
Facsimile (903) 753-8289
ebbmob@aol.com

ATTORNEY FOR APPELLANT

MARISOL PRIEGO,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

---

## IDENTITY OF PARTIES AND COUNSEL
Pursuant to T.R.A.P. 68.4(a)

---

| | | |
|---|---|---|
| Appellant: | MARISOL PRIEGO<br>Inmate #187852 | Murray Unit-TDCJ-ID<br>Gatesville, Texas 76596 |
| Appellant's<br>trial counsel: | STEVEN SMITH<br>Attorney at Law | 501 North Spur 63,Ste.C 5<br>Longview, Texas 75601 |
| State's trial<br>counsel: | STACEY L. BROWNLEE<br>MADISON HOOD<br>Assistant District Attorneys | 101 East Methvin, Ste. 333<br>Longview, Texas 75601 |
| Trial Judge: | ALFONSO CHARLES<br>Presiding Judge | 101 East Methvin, Ste. 447<br>Longview, Texas 75601 |
| Appellant's<br>counsel on appeal: | EBB B. MOBLEY<br>Attorney at law | P. O. Box 2309<br>Longview, TX   75606 |
| State's counsel<br>on appeal: | ZAN COLSON BROWN<br>Assistant District Attorney | 101 East Methvin, Ste. 333<br>Longview, Texas 75601 |

# TABLE OF CONTENTS

                                                                   **Page**

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Statement of the Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Statement Requesting Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

The Opinion Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Questions for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

> Is a driver who is passed out behind the wheel of a running vehicle "operating" it for the purpose of DWI?
>
> Is it necessary for the State to establish a temporal link between a defendant's driving and his intoxication?

Reasons for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

> TRAP 66.3(a): conflict with the court of appeals decision in *Murray v. State,* 440 S.W.3d 927 (Tex.App. - Amarillo, 2014, pet. granted PD 1230-14)
>
> TRAP 66.3(c): conflict with a court of criminal appeals decision in *Kucembia v. State,* 310 S.W.3d 460 (TexCrim.App. 2010)

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7-8

Prayer for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Appendix: Sixth Court of Appeals Opinion No. 06-14-0008-CR, slip op. 2-13-15, 2015 Tex.App. LEXIS 1464

# INDEX OF AUTHORITIES

**Cases**

*Johnson v. State,* 517 S.W.2d 536, 538 (Tex.Crim.App. 1975) . . . . . . . . . . . . . . . . .7

*Kucembia v. State,* 310 S.W.3d 460 (Tex.Crim.App. 2010) . . . . . . . . . . . . . . . . . . .5,7

*Murray v. State,* 440 S.W.3d 927 (Tex.App. - Amarillo, 2014, pet granted
        PD 1230-14) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5,6

*Scillitani v. State,* 297 S.W.3d 498, 503-05 (Tex.App. - Houston [14[th] Dist.]
      2009) (Hudson, J., concurring) vacated and remanded, 315 S.W.3d 542
      (Tex.Crim.App. 2010); *Scillitani v. State,* 343 S.W.3d 914, 919-20
      (Tex.App. - Houston [14[th] Dist.] 2011, pet. ref'd) . . . . . . . . . . . . . . . . . . ..7

*State v. Blackman,* 254 Neb. 941, 580 N.W.2d 546, 550-51 (Neb. 1998) . . . . . . . . . .7

**Rules**

TRAP 66.3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

TRAP 66.3© . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

MARISOL PRIEGO,                                    Appellant

V.

THE STATE OF TEXAS,                              Appellee

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Now comes MARISOL PRIEGO, Appellant, and respectfully urges this Court

to grant discretionary review in this case.

## STATEMENT OF THE CASE

This is an appeal from a conviction for felony DWI. The jury found MARISOL

PRIEGO guilty, and assessed her punishment at ten years imprisonment.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The Court of Appeals rendered its decision and delivered its written published

opinion on February 13, 2015. No Motion for Rehearing was filed.

## STATEMENT REQUESTING ORAL ARGUMENT

Oral argument of this case is requested on behalf of Appellant.

# THE OPINION BELOW

The Court of Appeals opinion below is found in the Appendix to this petition, as well as at 2015 Tex.App. LEXIS 1464.

Marisol Priego was found unconscious in the driver's seat in a vehicle stopped in the parking lot of a business in Kilgore. The vehicle was running, in gear, and Priego had her seat belt buckled. No witness saw Priego drive the vehicle. Priego testified that she bought two bottles of Canadian Mist, drove to the parking lot, chugged one bottle and part of a second, and passed out. A subsequent test revealed a blood alcohol content of 0.478.

The court of appeals held that because the defendant was the only person in control of the motor vehicle where she was found unconscious, there is no other evidence in the record which tends to suggest that anyone other than her operated the vehicle, and the vehicle was not in a location where it had been located one hour prior to her discovery, legally sufficient evidence supports the connection.

## QUESTIONS FOR REVIEW

Is a driver who is passed out behind the wheel of a running motor vehicle "operating" it for the purpose of DWI?

Is it necessary for the State to establish a temporal link between a defendant's driving and his intoxication?

## REASONS FOR REVIEW

TRAP 66.3(a): conflict with the court of appeals decision in *Murray v. State,* 440 S.W.3d 927 (Tex.App. - Amarillo, 2014, pet granted PD 1230-14).

TRAP 66.3(c): conflict with the court of criminal appeals decision in *Kucembia v. State,* 310 S.W.3d 460 (Tex.Crim.App. 2010).

## ARGUMENT

This case poses the classic questions when a motorist is found "sleeping it off" in a parked vehicle. When did the defendant become intoxicated, and when did she "operate" the vehicle to get to the location where law enforcement found it and the defendant?

## DEFINITION OF "OPERATING"

The facts at bar are factually nearly identical to those in *Murray v. State,* 440 S.W.3d 927 (Tex.App. - Amarillo 2014, pet granted). Murray was found unconscious and intoxicated behind the wheel of his running vehicle. The State argued that a running vehicle always supports the rational inference that it had been started, and starting it enables its use. The court of appeals rejected that argument and required "more indicia" allowing a fact finder to reasonably infer that the accused took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use or that the defendant exerted personal effort upon his vehicle for its intended purpose, *Murray* slip op. at p. 4.

Any definition of operating should consider that the essence of DWI is "operating" while intoxicated as defined by statute. Sleeping while intoxicated is not an offense, nor is driving while drinking. "Operating" and "intoxicated" must coincide in time. To allow inference of "operating" is simply to wink at the lack of evidence, direct or circumstantial of what the State is called upon to prove.

## TEMPORAL LINK ANALYSIS

*Kucembia v. State,* 310 S.W.3d 460 (Tex.Crim.App. 2010) discussed at length the need for the State to establish a temporal link between a defendant's driving and his intoxication. This "temporal link" element was not discussed in the case at bar, and indeed the validity of the temporal link requirement seems to be in question in Texas jurisprudence.

The Court of Criminal Appeals reversed the court of appeals and held that the evidence was legally sufficient to support appellant's conviction for driving while intoxicated. *Kucembia,* 310 S.W.3d at 462-63. It quoted and cited with approval the analysis in a case decided by the Supreme Court of Nebraska. (sic) *Id.* at 463 (citing *State v. Blackman,* 254 Neb. 941, 580 N.W.2d 546, 550-51 (Neb. 1998). The Court of Criminal Appeals did not discuss or cite its prior opinion in *Johnson v. State,* 517 S.W.2d 536, 538 (Tex.Crim.App. 1975); see also *Scillitani v. State,* 297 S.W.3d 498, 503-05 (Tex.App. - Houston [14th Dist.] 2009) (Hudson, J., concurring), vacated and remanded, 315 S.W.3d 542 (Tex.Crim.App. 2010); *Scillitani v. State,* 343 S.W.3d 914, 919-20 (Tex.App. - Houston [14th Dist.] 2011, pet. ref'd).

What quantum of evidence would allow a rational trier of fact to find that the State's evidence establishes a temporal link between a driver's intoxication and driving?

## PRAYER FOR RELIEF

Appellant prays that her Petition for Discretionary Review be granted; that her case be submitted to the Court after full briefing; that the Court of Appeals' decision be reversed and the case remanded to the District Court for a new trial.

Respectfully submitted,

EBB B. MOBLEY
Attorney at Law
422 North Center
P.O. Box 2309
Longview, Texas 75606
Telephone (903) 757-3331
Facsimile (903) 753-8289
ebbmob@aol.com


/s/ EBB B. MOBLEY
**EBB B. MOBLEY**
Attorney for Appellant
State Bar License #14238000

## CERTIFICATE OF COMPLIANCE

I certify that this pleading contains <u>951</u> words according to the computer program used to prepare the document.

/s/ EBB B. MOBLEY
**EBB B. MOBLEY**

## CERTIFICATE OF SERVICE

On the 13th day of March, 2015, copies of Appellant's Petition for Discretionary Review were provided to Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 13046 Capitol Station, Austin, Texas 78711 and Zan Colson Brown, Assistant District Attorney, 101 East Methvin, Suite 333, Longview, Texas 75601, by efile.

/s/ EBB B. MOBLEY
**EBB B. MOBLEY**
Counsel for Appellant/Petitioner



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00008-CR

MARISOL PRIEGO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 41,399-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

# OPINION

Marisol Priego appeals from a conviction of driving while intoxicated (DWI), third or more,[1] and the resulting sentence of ten years' incarceration. We modify the judgment to delete the presumed future award of attorney fees and affirm the judgment, as modified.

## I.    Background

After an afternoon shopping trip to Walmart in Kilgore, Priego made the fateful decision to visit a nearby liquor store, where she asked a "random customer" there to purchase whiskey for her. The customer delivered two bottles of whiskey to Priego, who testified that she drove from the liquor store to the parking lot of C W Ford Rentals, where a dumpster was located.[2] Priego planned to drink the whiskey in the parking lot and discard the empty bottles in the dumpster. Priego testified that she hurriedly consumed the contents of one bottle of whiskey while still in her truck, exited her truck, and deposited the empty bottle in the dumpster. After having done so, Priego stated that she returned to her truck where she consumed more whiskey from the second bottle until she lost consciousness.

In the meantime, Brian Welch, manager of C W Ford Rentals, returned to his office at approximately 4:15 to 4:20 p.m. after having run an errand. Although the parking lot at C W Ford Rentals was empty when Welch left on his errand, Welch noticed Priego's truck in the parking lot with the engine running when he returned to the office. Welch walked by the truck on his way into the office and noticed a lady seated in the driver's seat with her "head slumped

---

[1]See TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2014).

[2]It is approximately a five-minute drive from Walmart to the parking lot of C W Ford Rentals. The liquor store Priego visited is located directly in front of Walmart.

2

down." After unloading some equipment from his truck, Welch noticed Priego's vehicle was still in the parking lot. He approached the truck and knocked on the passenger's side window. When Priego did not respond, Welch knocked several times on the driver's side window. Priego remained unresponsive. Concerned, Welch walked next door to the neighboring business to determine if the truck might belong to somebody there. Although nobody at the neighboring business knew anything about the truck, several employees were likewise concerned on hearing Welch's description of a lady who appeared to be unresponsive in the truck. One such employee opened the driver's side door of Priego's truck, but was unsuccessful in her attempts to arouse Priego. Welch observed that Priego was still wearing her seat belt, which appeared to be holding her upright. Welch also noticed a small bottle of some kind of alcohol on the truck's floorboard. He never saw Priego actually drive the truck, which was parked straight in the parking lot.

After an employee of the neighboring business called the police, a man who identified himself as Priego's husband, Jose Patino, arrived on the scene. Patino attempted to arouse Priego, but he, too, was unsuccessful in this endeavor. Shortly thereafter, police officers and an ambulance arrived on the scene.

Priego was transported to the hospital for care and observation. On the request of Joseph Harrison, a patrol officer with the Kilgore Police Department, a blood sample was taken from Priego at 6:15 p.m., which revealed a blood-alcohol content of .478.[3] Several hours later, Priego regained consciousness, and she was finally discharged from the hospital at approximately 12:00 a.m. Priego was later arrested for DWI.

---

[3]Priego was unable to respond to Harrison's questions. Due to Priego's highly intoxicated condition, field-sobriety tests were not performed.

3

On appeal, Priego contends the evidence is legally insufficient to support the conviction of DWI.

## II. Standard of Review

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of DWI, third offense, beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). We therefore "may not re-evaluate the weight and credibility of the . . . evidence and . . . substitute our judgment for that of the fact-finder." *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper*, 214 S.W.3d at 16–17. We must presume that the fact-finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326.

4

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Under Texas law, a person is guilty of DWI, third offense, if the person (1) having been two times previously convicted of an offense related to the operation of a motor vehicle while intoxicated (2) is intoxicated (3) while operating a motor vehicle (4) in a public place. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b) (West Supp. 2014). The only element in dispute in this case is whether Priego operated her truck while intoxicated. In short, Priego contends that she did not consume any alcohol before she parked her truck in the parking lot of C W Ford Rentals and that there is no direct or circumstantial evidence which would enable a reasonable fact-finder to determine otherwise.

## III. Legally Sufficient Evidence Supports the Conviction

The term "operating," as utilized in the Penal Code, is not defined. *See* TEX. PENAL CODE ANN. § 49.04(a);[4] *see also Kirsch v. State*, 357 S.W.3d 645, 651 (Tex. Crim. App. 2012). In assessing the sufficiency of the evidence to prove that a defendant was "operating" a vehicle as contemplated by the statute, we look to the totality of the circumstances. *Kirsch*, 357 S.W.3d at 651. Those circumstances must "'demonstrate that the defendant took action to affect the

---

[4] "A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a).

5

functioning of his vehicle in a manner that would enable the vehicle's use.'" *Id.* at 650–51 (quoting *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995)).

"Under this standard, 'operating' a motor vehicle is interpreted very broadly." *Smith v. State*, 401 S.W.3d 915, 919 (Tex. App.—Texarkana 2013, pet. ref'd) (citing *Dornbusch v. State*, 262 S.W.3d 432, 436 (Tex. App.—Fort Worth 2008, no pet.)). "[W]hile driving does involve operation, operation does not necessarily involve driving." *Denton v. State*, 911 S.W.2d 388, 389 (Tex. Crim. App. 1995). "'Because 'operating a motor vehicle' is defined so broadly, any action that is more than mere preparation toward operating the vehicle would necessarily be an 'action to affect the functioning of [a] vehicle in a manner that would enable the vehicle's use.'"" *Smith*, 401 S.W.3d at 919 (quoting *Strong v. State*, 87 S.W.3d 206, 216 (Tex. App.—Dallas 2002, pet. ref'd)). The action taken to affect the functioning of the vehicle "need not succeed in causing the vehicle to function for the person to be operating it." *Strong v. State*, 87 S.W.3d 206, 215 (Tex. App.—Dallas 2002, pet. ref'd); *abrogated on other grounds by Pfeiffer v. State*, 363 S.W.3d 594 (Tex. Crim. App. 2012). Accordingly, Texas courts have upheld DWI convictions in cases where the intoxicated person was not actually driving the vehicle. *See, e.g., Denton*, 911 S.W.2d at 388–89 (defendant unable to accelerate because vehicle required time to "warm up"); *Dornbusch*, 262 S.W.3d at 433 ("operation" occurred where driver found asleep, "hunched over the steering wheel" in parking lot); *see also Hearne v. State*, 80 S.W.3d 677, 679 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (defendant asleep behind wheel of idling vehicle in roadway and with gear selector in "park"); *Barton v. State*, 882 S.W.2d 456, 458 (Tex. App.—Dallas 1994, no pet.) (same, but vehicle in "neutral").

6

The facts of this case are similar to those in *Hearne*. As in this case, Hearne maintained that the evidence was insufficient to support a DWI conviction because the State failed to prove he operated his vehicle. *Hearne*, 80 S.W.3d at 679. Hearne was found by a patrol officer in the early morning, sleeping in the driver's seat of the vehicle with the vehicle's engine running, but with the gear selector in the "park" position. *Id.* The officer did not know how long the vehicle had been parked and "did not see the appellant 'exert any action, movement or anything to attempt to control' the truck." *Id.* As in this case, there was no dispute about the fact that the driver was legally intoxicated at the time. *Id.* The Houston court of appeals held that the jury could reasonably infer the driver had operated his vehicle while intoxicated. *Id.* at 680.

Here, Priego was the only person in control of the motor vehicle where she was found unconscious. There is no evidence in the record which tends to suggest anyone other than Priego operated the vehicle. The jury heard evidence that Priego parked at C W Ford Rentals sometime between 4:00 and 5:00 p.m., after an unknown person purchased two bottles of whiskey for her. According to Welch, Priego's truck was not in the C W Ford Rental's parking lot at approximately 4:00 p.m. when he left to pick up some equipment, but it was there approximately fifteen to twenty minutes later when he returned to the office. At 5:10 p.m., Harrison received a dispatch to C W Ford Rentals in response to a report of an unresponsive person in a vehicle. Harrison arrived on the scene at approximately 5:12 p.m. A partially consumed bottle of whiskey was located on the truck's floorboard. Priego was unresponsive and smelled strongly of alcohol. The truck engine was running, and Priego was wearing her seatbelt. Although there was no direct evidence that Priego became intoxicated prior to or during the time she was driving

7

the truck,[5] the jury could reasonably infer that she was operating her truck while intoxicated.[6] *See id.* at 678–80; *cf. Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010) (requiring temporal link between defendant's operation of vehicle and his intoxication).

Priego contends, however, that the facts here mirror those in *Murray v. State*, 440 S.W.3d 927 (Tex. App.—Amarillo 2014, pet. granted), where the Amarillo court found the evidence was legally insufficient to support the judgment. In that case, Murray was found alone in his pickup, reclined and sleeping, with the engine idling and the gear selector in the park position. *Id.* at 928–29. The truck was parked in a private drive, although a portion of the truck remained on a shoulder adjacent to the roadway. *Id.* at 928. There were no alcoholic beverage containers found in the truck. *Id.* at 929. There was no mention of how long the truck was parked or when Murray arrived at the locale where he was discovered. *Id.* Likewise, there was no mention of when and where Murray began to ingest alcoholic substances. *Id.*

This case is factually distinct from *Murray*. Here, a partially consumed whiskey bottle was found on the floorboard of Priego's truck, there was evidence of the approximate length of time the truck was parked in the locale where it was discovered, and there was evidence of the

---

[5]Although it is apparent from the context of his testimony that Patino did not see Priego drive the truck while she was intoxicated, he offered the following testimony on cross-examination:

> Q.     And the truth was she was driving your truck that day, and she was doing it while she was drunk; and that's the truth?

> A.     I know that. Like I -- like I say, I come here to tell the truth, and that's what happened.

[6]The location of Priego's truck in a parking lot rather than in a moving lane of traffic, as in *Hearne*, does not alter the outcome. *See Dornbusch*, 262 S.W.3d at 437 ("[P]arking lot at a public place is not legally different than a roadway for purposes of a DWI arrest or conviction.").

8

time period in which Priego ingested enough whiskey to render her unresponsive. And, although the gear selector was in "park," Priego was still wearing her seatbelt.

Considering the evidence in a light most favorable to the verdict, as we must, we conclude that the evidence is legally sufficient to support the conviction.

## IV. Modification of Judgment

The judgment here indicates that attorney fees were "TBD." Priego postulates that the letters TBD mean "to be determined." While there is nothing in the judgment that directly indicates the meaning of TBD, it is reasonable to assume those letters indicate that attorney fees are to be determined at some later time. Priego asks that we modify the judgment to eliminate this reference to attorney fees, as she was determined to be indigent by the trial court. Indeed, the record indicates that Priego was indigent at trial and remains so on appeal.[7]

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014); *see Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). An assessment of attorney fees against an indigent defendant, to be determined in the future, is improper. "Code of Criminal Procedure Article 26.05(g) requires a present determination of financial resources and does not allow speculation about possible future resources." *Cates*, 402 S.W.3d at 252.

We modify the trial court's judgment by deleting from it the letters "TBD" and substituting an assessment of zero attorney fees.

---

[7]The State concedes that Priego was found indigent and that the trial court made no finding that her financial circumstances had later changed.

9

## V.    Conclusion

We affirm the trial court's judgment as modified.



Ralph K. Burgess
Justice

Date Submitted:    January 5, 2015
Date Decided:     February 13, 2015

**Publish**



# Court of Appeals
# Sixth Appellate District of Texas

## J U D G M E N T

Marisol Priego, Appellant

No. 06-14-00008-CR    v.

The State of Texas, Appellee

Appeal from the 124th District Court of Gregg County, Texas (Tr. Ct. No. 41,399-B). Opinion delivered by Justice Burgess, Chief Justice Morriss and Justice Moseley participating.

As stated in the Court's opinion of this date, we find no error in the judgment of the court below. We affirm the judgment of the trial court.

We note that the appellant, Marisol Priego, has adequately indicated her inability to pay costs of appeal. Therefore, we waive payment of costs.

RENDERED FEBRUARY 13, 2015
BY ORDER OF THE COURT
JOSH R. MORRISS, III
CHIEF JUSTICE

ATTEST:
Debra K. Autrey, Clerk