

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1230-14

**CHAD WILLIAM MURRAY, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SEVENTH COURT OF APPEALS HILL COUNTY**

**MEYERS, J.,** filed a dissenting opinion.

## D I S S E N T I N G   O P I N I O N

The court of appeals decided that there was insufficient evidence in this case for a reasonable jury to conclude beyond a reasonable doubt that Appellant had operated a motor vehicle while intoxicated. *Murray v. State*, 440 S.W.3d 927, 929 (Tex. App.–Amarillo 2014). I agree.

The majority states that the jury is responsible for "drawing reasonable inferences from basic facts to ultimate facts" and holds that, because the jury could have reasonably

inferred that Appellant both consumed alcohol other than where he was found and drove to the location after drinking to intoxication, that the evidence was legally sufficient to support Appellant's conviction. *Murray v. State*, No. PD-1230-14, slip op. at 3, 6. However, I am unfamiliar with this inferral relationship. Since when can juries makes inferences that are not based on direct or circumstantial evidence?

There is no evidence in this case at all that speaks to when the vehicle was driven to the location where it was found, or when or where Appellant became intoxicated. Finding the evidence sufficient to support Appellant's conviction would be no different than convicting an individual for possession of marijuana based solely on an officer's observation that the individual was high and smelled of marijuana. I am aware of no possession case where we have allowed this type of attenuated inference, and we should not allow it now in this driving while intoxicated case. Just as the evidence of possession of marijuana by that individual would be insufficient, so is the evidence that Appellant ever drove while intoxicated.

There are certain instances in which inferences are allowed to be made. For example, if an electronics store was robbed, and then an individual was found with electronics that contain serial numbers matching the stolen merchandise, it is allowable to infer that the individual committed the robbery even where there is no additional evidence he was the perpetrator. There, the inference is used to identify the individual who committed the crime. In this case, however, the inference is being used to assert that a crime was committed at all.

I cannot condone this type of analysis which has no basis in law. I can only presume that this new procedure for both creating and finding a defendant guilty of a crime should open up a whole new avenue for convictions that are based solely upon a simple inference that a crime was committed.

Although the majority does not directly address whether simply being passed out behind the wheel of a running car is, itself, enough to constitute "operating" a vehicle for purposes of DWI, I would also hold that it is not enough. Operating a vehicle requires taking action in a manner that would enable the vehicle's use, and although turning the ignition would likely meet this definition, there needs to exist some evidence to support a finding that it was done while the defendant was intoxicated. *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995). Without such evidence, no rational jury could find beyond a reasonable doubt that the defendant operated a motor vehicle while intoxicated.

I believe the evidence in this case is insufficient to support Appellant's conviction and I would affirm the judgement of the court of appeals. For the foregoing reasons, I respectfully dissent.

Meyers, J.

Filed: April 15, 2015

Publish