

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00200-CR

JOSHUA ELLIS SUTTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 23F0056-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Bowie County jury found Joshua Ellis Sutton guilty of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.). The jury assessed Sutton's punishment at twenty years' imprisonment with a fine of $2,000.00. The trial court accepted the jury's assessment and sentenced Sutton in accordance with it.

On appeal,[1] Sutton raises three points of error: (1) the evidence was insufficient to show there was bodily injury to the victim, (2) the 102nd Judicial District Court did not have jurisdiction because his indictment was out of the 202nd Judicial District Court, and (3) his trial counsel was ineffective for failing to move to quash his indictment for lack of jurisdiction. We addressed issues two and three in Sutton's companion case in cause number 06-23-00197-CR and adopt those findings in this case. As a result, we will only address Sutton's first point of error.

I.      **Factual Background**

As outlined in further detail in Sutton's companion case in cause number 06-23-00197-CR, Sutton was involved in a police chase that ultimately ended in him wrecking his vehicle into Wisdom Animal Clinic. On January 9, 2023, at the time of that wreck, Kelly Wilson, an employee of Wisdom Animal Clinic, was working.

Wilson testified that the crash threw her across the room:

> I was in surgery waiting on a doctor to finish a dental and all of a sudden there was a big boom behind me. I flew across the room, had a pretty good bruise on my elbow. And I thought, whoa, what just blew up. And I ran [and] turned off

---

[1]In companion cause numbers 06-23-00197-CR, 06-23-00198-CR, 06-23-00199-CR, 06-23-00201-CR, and 06-23-00202-CR, Sutton appeals five other convictions arising from the same set of facts at issue here.

the oxygen and when I came back there was a car in the building. So, it wasn't anything that blew up, the car had hit the wall that I was leaned up against and stopped where I was sitting.

Despite being thrown across the room and having a "pretty good bruise on [her] elbow," Wilson also testified that she was not seriously injured: "Had . . . he not T-boned that cross wall he would have taken me out. . . . I don't know how I was not hurt."

## II.     Applicable Law

Sutton claims there is insufficient evidence of "bodily injury" to Wilson under Section 22.02(a)(2) of the Texas Penal Code to support his conviction. In evaluating legal sufficiency, we review all evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of aggravated assault with a deadly weapon beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.). "Our rigorous legal sufficiency review focuses on the quality of the evidence presented." *Priego v. State*, 457 S.W.3d 565, 568 (Tex. App.—Texarkana 2015, pet. ref'd) (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). We examine legal sufficiency in accordance with the *Brooks* opinion, while giving the jury deference fairly to "resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Legal sufficiency is "measured by the elements of the offense as defined by the hypothetically correct jury charge." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment,

3

does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Under Texas law, a person is guilty of aggravated assault with a deadly weapon if "the person commits assault as defined in § 22.01 and the person . . . uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a)(2). An assault "as defined in § 22.01" requires a person to "intentionally, knowingly, or recklessly cause[] bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a)(1) (Supp).

## III.    Analysis

At issue in the present action is whether there is sufficient evidence to support a finding that Sutton caused "bodily injury" to Wilson. In the Texas Penal Code, bodily injury is defined as follows: "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8) (Supp.). "Any physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012). Further, "[a] fact[-]finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *Id.* (citing *Randolph v. State*, 152 S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.).

Wilson testified that, as a result of Sutton's car crashing into Wisdom Animal Clinic, she was thrown across the room and had a "pretty good bruise on [her] elbow." That evidence is sufficient to support a finding of "bodily injury." *See Lane v. State*, 763 S.W.2d 785, 787 (Tex. Crim. App. 1989) (finding the evidence was sufficient to support a finding of bodily injury and

4

recognizing a bruise on the victim's "right wrist corroborate[d] the fact that she was indeed injured to some extent in the struggle"). Indeed, "[t]he existence of a cut, bruise, or scrape on the body is sufficient evidence of physical pain necessary to establish 'bodily injury' within the meaning of the statute." *Arzaga v. State*, 86 S.W.3d 767, 778 (Tex. App.—El Paso 2002, no pet.). Accordingly, after reviewing Wilson's testimony, we find there is sufficient evidence of "bodily injury" to support the jury's verdict.

## IV.     Conclusion

We affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:     April 5, 2024
Date Decided:       April 19, 2024

Do Not Publish

5