

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00238-CR

_____

KEITH DUWAYNE HALL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2023-0155

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Keith Duwayne Hall appeals his conviction for the misdemeanor offense of deadly conduct.[1]  Hall's attorney filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal.  The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings.  Meeting the requirements of *Anders v. California*, counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.  *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On February 5, 2024, counsel mailed to Hall copies of the brief, the appellate record, and the motion to withdraw.  Hall was informed of his rights to review the record and file a pro se response.  By letter dated February 5, 2024, this Court informed Hall that any pro se response was due on or before March 6, 2024.  On March 20, 2024, this Court further informed Hall that the case would be set for submission on the briefs on April 10, 2024.  We received neither a pro se response from Hall nor a motion requesting an extension of time in which to file such a response.

We reviewed the entire appellate record and independently determined that no reversible error exists.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  "However,

---

[1]TEX. PENAL CODE ANN. § 22.05(a).  Hall was sentenced to 365 days in the Harrison County Jail.

2

appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). "This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

The judgment identifies the date of offense as March 28, 2023. However, the information, complaint, and all the witness testimony indicate that the offense occurred the night of March 27, 2023. We modify the judgment by changing the date of the offense from March 28, 2023, to March 27, 2023.

Also, under the heading "ATTY:" the judgment includes the entry "TBD," which we take to mean "to be determined." *See Priego v. State*, 457 S.W.3d 565, 571 (Tex. App.—Texarkana 2015, pet. ref'd). The bill of costs has an entry of $450.00 for attorney fees. An appellant who has been found indigent is not required to pay court-appointed attorney fees unless the trial court "determines that [the] defendant has financial resources . . . to offset in part or in whole the costs of the legal services provided to the defendant." TEX. CODE CRIM. PROC. ANN. art. 26.05(g)

(Supp.). There being no such finding by the trial court in the record, imposition of attorney fees was improper, and we strike the "TBD" from the judgment and the $450.00 assessment from the bill of costs.

Finally, among the various itemized costs on the bill of costs is an entry titled "State Consolidated Court – County"[2] and an entry titled "CRIME STOPPER FUND." The version of Section 133.102 of the Local Government Code in effect on the date of Hall's offense required a person convicted of a misdemeanor to pay a consolidated court cost of $147.00. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.03, 2019 Tex. Gen. Laws 3981, 3982 (amended 2023). Those costs are then to be allocated by the state comptroller among various accounts, one of which is a crime stoppers assistance account. *See Id.* "Because section 133.102 assesses a percentage of the consolidated court costs to the compensation of victims of crime, it is inappropriate to assess a separately-charged fee to Crime Stoppers." *Jackson v. State*, 562 S.W.3d 717, 724 (Tex. App.—Amarillo 2018, no pet.) (citing earlier version of TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1), (e)(1), (e)(8)).[3] Here, the consolidated fees imposed by Section 133.102(a)(2) in effect at the time of Hall's crime included a crime stopper fee. Therefore, we modify the trial court's judgment and bill of costs by deleting the crime stopper fee of $10.00 and by modifying the total court costs assessed in the judgment to $295.00.

---

[2]*See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.03, 2019 Tex. Gen. Laws 3981, 3982 (amended 2023).

[3]In *Jackson*, the court pointed out that Section 133.102(a)(1) of the Local Government Code, specifying the court costs for a felony conviction, allocates those court costs "to several accounts and funds." *Jackson*, 562 S.W.3d at 723 (citing earlier version of TEX. LOC. GOV'T CODE ANN. § 133.102(e)). The allocation to the various detailed funds applies to court costs imposed on both felony and misdemeanor convictions. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.03, 2019 Tex. Gen. Laws 3981, 3982 (amended 2023).

We modify the trial court's judgment (1) by changing the date of offense from March 28, 2023, to March 27, 2023; (2) by deleting "TBD" under the heading "ATTY FEE:"; and (3) by changing the court costs to $295.00. We modify the bill of costs by deleting the assessment of $450.00 for "Attorney Fees" and by deleting the assessment of $10.00 for "CRIME STOPPER FUND." As modified, we affirm the judgment of the trial court.[4]

Charles van Cleef
Justice

Date Submitted:     April 10, 2024
Date Decided:       May 20, 2024

Do Not Publish

---

[4]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.