# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00011-CR

**Tiffany Ann Fleming, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY, NO. CR2020-150B
### THE HONORABLE TRACIE WRIGHT-RENEAU, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Tiffany Ann Fleming was found guilty of driving while intoxicated with a child passenger after her open plea of guilty to the court. *See* Tex. Penal Code § 49.045(b). The trial court assessed sentence at two years of confinement in state jail, suspended for a community supervision term of two years. Fleming contends that the trial court erred by denying her motion to dismiss for lack of a speedy trial. We will affirm the judgment.

## BACKGROUND

According to the arrest report, Fleming was discovered in the parking lot of a closed shopping center at 3:31 a.m. on September 1, 2019, sleeping in a vehicle with its engine running and hazard lights flashing with a four-year-old child in a safety seat in the backseat. When roused by a peace officer, she needed to be reawakened twice. She gave conflicting explanations of where she was traveling from and to. Detecting an odor of alcohol on Fleming's breath, the officer administered standard field-sobriety tests (SFSTs) that Fleming failed. The

officer inquired whether she had consumed alcohol; Fleming responded that she had a glass of wine six hours earlier. She provided a breath sample that yielded a blood-alcohol concentration of .187 on the portable breath test. A blood sample taken at 5:30 a.m. yielded a concentration of .192. She was released without bond later that day by the magistrate who wrote, "No probable cause exists based on information available at the time of magistration. SFST scoring sheet not included and no information regarding passenger under 14."

The procedural chronology of this case is not disputed:

| | |
|---|---|
| March 11, 2020 | Fleming indicted and capias warrant issued for her arrest |
| May 18, 2023 | Capias served and Fleming arrested when she sought law enforcement protection from her ex-husband |
| June 9, 2023 | Fleming filed a motion for speedy trial and a motion to dismiss for lack of a speedy trial |
| September 12, 2023 | Hearing on motion to dismiss held; motion denied and speedy trial granted. Given preferential setting as number two case set for trial |
| October 24, 2023 | Fleming pleaded guilty |
| December 18, 2023 | Trial court assessed sentence |

Fleming filed her notice of appeal asserting that she was deprived of her constitutional right to a speedy trial.

**STANDARD OF REVIEW**

An accused person's right to a speedy trial is set out in the federal and state constitutions and state law. *See* U.S. Const. Amends. VI, XIV; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. art. 1.05; *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008).

To determine whether a defendant was denied a speedy trial, we balance a non-exhaustive list of four factors: (1) the length of the delay, (2) the reason for the delay,

(3) assertion of the right, and (4) prejudice to the accused. *Shaw v. State*, 117 S.W.3d 883, 888-89 (Tex. Crim. App. 2003) (quoting *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972)). We must weigh the conduct of the State and the defendant based on the arguments, information, and evidence before the trial court when it ruled, and no single factor is necessary or sufficient to find that a speedy-trial violation has occurred. *Id.* The State has the burden of justifying the length of the delay, and the accused has the burden of proving that she asserted the right and that she suffered prejudice because of the delay. *Cantu*, 253 S.W.3d at 280. A lengthy delay reduces an accused's burden to show prejudice, but increases his burden to show that he timely asserted the right. *See Zamorano v. State*, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002).

"We apply a bifurcated standard of review: an abuse of discretion standard for the factual components and a *de novo* standard for the legal components." *State v. Lopez*, 631 S.W.3d 107, 113-14 (Tex. Crim. App. 2021). Thus, we review all evidence in the light most favorable to the trial court's ultimate ruling, and we conduct the balancing test, which is a legal question, de novo. *See Cantu*, 253 S.W.3d at 282.

## DISCUSSION

The four factors set out in *Barker* weigh slightly in favor of the trial court's decision not to dismiss.

### 1. Length of the delay

An eight-month lapse between arrest and trial is presumptively prejudicial. *See Zamorano*, 84 S.W.3d at 649, n.26 (citing *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992)). The *Zamorano* court wrote that, in a "plain-vanilla DWI case, a delay of two years and ten months[] was sufficiently lengthy to trigger the court of appeals' analysis of the other

*Barker* factors." *Id.* The *Zamorano* court held specifically that "[b]ecause the length of the delay stretched well beyond the bare minimum needed to trigger judicial examination, this factor—in and of itself—weighs heavily against the State." *Id.*

Because more than three years lapsed in this case after both the September 2019 arrest and the March 2020 indictment before the May 2023 arrest, this factor weighs against the State.

### 2. Reason for the delay

The delay is partly explained by the onset of the COVID-19 pandemic. Over six months after Fleming was arrested, Texas's high courts first declared a state of emergency and required all courts to take precautions consistent with constitutional limitations to mitigate risk to trial participants from the threat of the COVID-19 pandemic. *See Finley v. State*, 707 S.W.3d 320, 322 (Tex. Crim. App. 2024) (citing *First Emergency Order Regarding the COVID-19 State of Disaster*, 596 S.W.3d 265 (Tex. 2020)). Comal County District Courts did not resume criminal trials until October 2021.

The pause in criminal trials and resulting backlog of cases does not fully explain why the State did not seek to proceed for more than a year after trials recommenced. Comments from both the State and the trial judge indicated that Comal County law enforcement by policy did not serve a capias outside of Comal County. As Fleming lived in Bexar County when she was first arrested and later moved to Kendall County, the capias was not served until 2023 when she contacted law enforcement in Kendall County on an unrelated matter.

"To the extent that the pandemic and related court closures weigh against the State, they do so but slightly." *Laird v. State*, 691 S.W.3d 30, 38 (Tex. App.—Austin 2023, pet.

ref'd). The remainder of the delay by the State is essentially unexplained, but these periods weigh only slightly against the State. *See Bosworth v. State*, 422 S.W.3d 759, 764 (Tex. App.—Texarkana 2013, pet. ref'd) ("When no reason is offered, we may presume that the reason lies somewhere between a deliberate delay and a valid reason that would justify the delay.").

Comal County's policies on how and where to serve a capias or otherwise communicate about a pending prosecution do not outweigh an accused's constitutional interest in a speedy trial. This factor weighs against the State.

### 3. Assertion of the right

Fleming first asserted her right to speedy trial in 2023 by her motion for speedy trial filed concurrently with her motion to dismiss the prosecution. Both motions were filed on June 9, 2023, after her May 18, 2023 arrest. The hearing on the motions occurred September 12, 2023.

The State argues that Fleming acquiesced in much of the delay and did not assert her right to speedy trial until also requesting dismissal. The State asserts that if Fleming really wanted a speedy trial, she would have requested one. *See Shaw*, 117 S.W.3d at 890. A defendant's motion in asking for a dismissal rather than a prompt trial is relevant and can attenuate the strength of the defendant's claim of a violation of rights. *Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983). Seeking dismissal instead of a speedy trial suggests a desire to have no trial instead of a speedy one. *Cantu*, 253 S.W.3d at 283.

But Fleming claimed without rebuttal that she did not know she was under indictment until 2023, then simultaneously sought *either* a speedy trial *or* none. Fleming knew she was arrested in 2019 but also knew she had been released without bond by a magistrate who

5

expressly noted that no probable cause existed based on the information available at the time of magistration. No evidence was introduced that Fleming was ever told that an indictment could arise after she was released. She testified that she checked a website at some unspecified time, that it said there was no probable cause, and "then it disappeared." She testified that she communicated with the Comal County District Attorney's Office in 2021 about expunging records pertaining to a 2017 misdemeanor case that was dismissed with an affidavit of non-prosecution and that she was not informed of the pending charge from the 2019 arrest. Fleming testified that she asked if she could get the 2019 charge expunged and was told only that expunction was not available until six years after the arrest, not that there was a pending charge and warrant for her arrest. Fleming said that the 2020 indictment was not mentioned and that she did not receive notice of the 2020 indictment until she was arrested in 2023.

When considering the rights of a defendant who was arrested but not formally charged for sixteen months, the Court of Criminal Appeals held that a defendant could assert his right to a speedy trial in ways other than filing a motion for speedy trial. *Cantu*, 253 S.W.3d at 283-84 ("[I]nvocation of the speedy trial provision . . . need not await indictment, information, or other formal charge.") (quoting *Dillingham v. United States*, 423 U.S. 64, 65 (1975). The court noted that a failure to complain during a twenty-two-month pre-indictment delay weighs against the defendant. *Id.* at 284 (citing *United States v. Palmer*, 537 F.2d 1287 (5th Cir. 1976)).

The facts here are not quite as straightforward as those in the cited cases, adding to the mix the release without bond for lack of probable cause, the substantial post-indictment delay in prosecution, and the systemic delays due to the COVID-19 pandemic. What is plain, however, is that Fleming asserted her right to a speedy trial promptly after learning that she was

under indictment. Though she also sought to dismiss the case, we conclude that this factor weighs somewhat in her favor.

### 4. Prejudice to the accused

When a court analyzes the prejudice to the defendant, it must do so in light of the defendant's interests that the speedy-trial right was designed to protect: (1) to prevent oppressive pretrial incarceration, (2) to minimize the accused's anxiety and concern, and (3) to limit the possibility that the accused's defense will be impaired. *Cantu*, 253 S.W.3d at 285. Of these types of prejudice, the last is the most serious "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* (quoting *Dragoo v. State*, 96 S.W.3d 308, 316 (Tex. Crim. App. 2003)). A showing of actual prejudice is not required. *State v. Munoz*, 991 S.W.2d 818, 826 (Tex. Crim. App. 1999). The defendant's burden of proof on prejudice varies inversely to the State's degree of culpability for the delay. *Cantu,* 253 S.W.3d at 280. The State prevails by justifying the length of delay while a defendant prevails by proving the assertion of the right and showing prejudice. *Id*. The presumption of prejudice increases with time, but cannot alone carry the speedy-trial complaint. *Doggett v. United States*, 505 U.S. 647, 655-56 (1992). The length of a delay may be so excessive that it presumptively compromises the reliability of a trial in ways neither party can prove or identify. *Shaw*, 117 S.W.3d at 890 (citing *Doggett*, 505 U.S. at 655).

The first two interests were not implicated here. Fleming testified that she was demoted at her workplace after her 2023 arrest because people thought the incident had occurred recently. But she was only briefly in custody following her 2019 and 2023 arrests and testified that she was unaware she was under indictment until May 2023. While she testified that her life

changed on the day she was re-arrested and that she was troubled after her May 2023 arrest, that pretrial period of anxiety and concern was not quite four months old by the time of the hearing on her motion for speedy trial and five months when she pleaded guilty. There is no showing that the delay amplified the public reaction to her offense, just that it shifted the timing of the reaction in her new community, which she said reacted as if she had committed the offense in 2023.

The third interest is implicated by the facts of this case, but there is no showing of prejudice to Fleming. She complains that the delay in prosecution prejudiced her because the passage of time dimmed her memory and allowed her to lose contact with persons who attended the social gathering at which she drank alcohol before her arrest. She asserted that her companions could have testified about how much alcohol she had consumed before driving and that she was not intoxicated when she left the gathering.

But the record contains no evidence or indication of a line of inquiry that would affect the State's case against her. She was charged with driving while intoxicated with a child passenger. Tex. Penal Code § 49.045(a). That offense requires proof beyond a reasonable doubt that she was intoxicated while operating a motor vehicle in a public place with a passenger younger than 15 years of age. *Id.* There is no dispute that her four-year-old child was in the back seat of the vehicle when officers found her asleep in the driver's seat of an idling vehicle in a shopping center parking lot. Documents in the clerk's record and evidence admitted at her plea hearing included arrest reports, an affidavit for her arrest, field-sobriety-test scoresheets, blood-test results, and body-cam video of her initial arrest. The arrest report described her difficulty in waking and staying awake when officers found her. The arrest affidavit described the moderate odor of alcoholic beverage, her slurred speech, swaying balance, and clues indicating intoxication on standard field sobriety tests, including 6 of 6 on the horizontal gaze nystagmus

8

test, 5 of 8 on the walk-and-turn test, and 3 of 4 on the one-leg stand; according to the report, each of the SFST results exceeds the minimum number of clues indicating intoxication. The lab report on her blood sample showed .192 grams of alcohol per 100 milliliters of blood, which exceeds the .08 threshold for intoxication set by statute. *See* Tex. Penal Code § 49.01(2). These test results support a finding of intoxication. Sitting in the driver's seat of an idling car in a public parking lot has been found to support a conviction for driving while intoxicated. *See Priego v. State*, 457 S.W.3d 565, 570 (Tex. App.—Texarkana 2015, pet. ref'd) (collecting cases); *cf. Stroud v. State*, No. 03-19-00097-CR, 2020 WL 855989, at *1, *5 (Tex. App.—Austin Feb. 21, 2020, no pet.) (mem. op., not designated for publication) (finding evidence of DWI legally sufficient where defendant admitted having driven vehicle on public roads and was found in area public had access to with engine running) (collecting cases).

Fleming provided no indication, nor is there any apparent from the record, how either her lost memories or the testimony of her companions could have mitigated the evidence from the reports, affidavit, and lab test that she operated a vehicle containing a child in a public place while intoxicated where she was arrested. This factor weighs heavily against a finding that Fleming was prejudiced by the delay in prosecution.

**CONCLUSION**

The four factors set out in Barker weigh slightly in favor of the trial court's decision not to dismiss. Like the trial court, we have some concerns about the State's delay in pursuing the charge in this case. However, considering and balancing the relevant factors, we conclude that the trial court's denial of Fleming's motion to dismiss was supported by the record

and correct under the applicable law.  *See Shaw*, 117 S.W.3d at 889.  We overrule Fleming's issue on appeal and affirm the judgment of conviction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed:   May 8, 2025

Do Not Publish